INZER, Justice:
Appellants, James H. Lambert and Ella Mae Thames, brought separate suits against appellees Winston Lott, Natchez Transit Lines, Inc. and Firestone Tire & Rubber Company to recover for injuries which they alleged they had received as a result of an accident occurring while they were passengers on a bus operated by Natchez Transit Lines. By agreement of the parties the suits were consolidated. Trial was had and the jury returned a verdict in favor of all defendants. We affirm in part and reverse in part.
On October 2, 1965, the appellants were passengers on the Natchez Transit Lines’ bus which was on its run from Natchez to Hattiesburg. While in route back to Natchez the bus suffered a blowout of its left front tire causing the driver, appellee Winston Lott, difficulty'in keeping the bus under control. The bus swerved into the left lane and continued down the highway for approximately 150 feet before running off on to the shoulder. Because of the blowout the brakes would not work properly so Lott concentrated his efforts on keeping the bus under control and let it come to a stop on its own. The appellants contend that they received various injuries while being buffeted around in the bus. Lott testified that Mrs. Thames complained of an injury so he arranged to have her taken to a hospital.
The tire that suffered the blowout was a recap that had been purchased by Natchez Transit from the local Firestone tire dealer on September 22, 1965, and had been put on the bus on September 30. It was established that the tire had traveled only 525 miles before the blowout. Lott testified that he was the only person to operate the bus with that tire on it and he did not strike anything that would cause the tire to blow out.
*818 When Natchez Transit purchased the tire it was put on a wheel and placed in the bus’s spare tire rack by Firestone’s employees. When Natchez Transit had occasion to use the tire soon after that its employees removed it from the spare rack, and placed it on the left front wheel position on the bus. The particular bus in question had tandem wheels in the rear and single wheels in the front.
At the trial it was established that one of the important safety standards observed in the passenger bus industry is a prohibition against using recapped tires on the front wheel position. This standard is enforced by specific regulations of the Interstate Commerce Commission and the Mississippi Public Service Commission. Ap-pellee, Natchez Transit, admitted knowing the tire was a recap, knowing that placing such a tire on a front wheel was a prohibited procedure and it also admitted violating the standard by placing the recap on the front wheel position.
It was clearly established that if the tire had been properly placed in tandem with another tire in the rear a blowout would not have caused the driver to lose control of the bus and the accident would not have occurred. This is of course due to the presence of the auxiliary tire to support the bus. It is manifestly clear that the basis of the regulation is that recapped tires are less reliable and if they should fail while on the front wheel position it would endanger the safety of the passengers.
At the close of the trial the appellants asked for a peremptory instruction against the Natchez Transit Lines which was refused apparently because the learned trial judge was of the opinion that the negligence of that defendant was a jury issue. We cannot agree.
It is not necessary for us to decide in this case whether the violation of the safety regulations of the regulatory bodies is per se negligence because we hold in this case that the admitted violation of the widely accepted safety standard was a breach of highest degree of care which is owed by a common carrier to its passengers. In Teche Lines, Inc. v. Keyes, 187 Miss. 780, 193 So. 620, 126 A.L.R. 1080 (1940) it is succinctly said: “The rule which is agreed upon and established by all the cases is that a common carrier by motor bus owes the duty to its passengers to exercise the highest degree of care and precaution for their safety that is consistent with the practical conduct of its business.” (187 Miss. at 786, 193 So. at 621). Here the bus company admits that it placed a recapped tire on the front wheel of its bus, not only in violation of the regulations of the Public Service Commission but also in violation of the recommended safety standards. The bus company was required to use the highest care and precaution for the safety of those it undertakes to transport and this includes the equipping of its bus with proper tires. This it admits that it did not do and as a result of this failure the accident in question occurred. This was a breach of its duty and is negligence as a matter of law.
If, however, the instruction was refused because of technical defects this would not effect our holding as the verdict for Natchez Transit Lines is clearly against the overwhelming weight of the evidence.
We think the liability of Firestone Tire & Rubber Company was a question for the jury and it determined this question in favor of Firestone. Furthermore, the proof shows that even had the tire been defective, if it had been used by the bus company as it was required by the regulations and as Firestone had a right to expect it to be used, its failure would not have resulted in an accident. It is apparent that the sole proximate cause of the accident was the negligence of the bus company in placing the recapped tire on the front wheel position. Having reached this conclusion it is not necessary for us to discuss the evidence relating to this issue *819 including the highly suspicious circumstance of Firestone destroying the tire after only its people had an opportunity to examine it and then offering these people as credible witnesses as to the cause of the blowout.
 The judgment in favor of Lott, the driver, is also affirmed for the reason that there is no evidence to show that he knew or could be charged with knowledge that the bus company had placed the recapped tire on the front wheel of the bus. Neither was there any evidence which would warrant the jury in finding that he was negligent in the operation of the bus. He did all he could to avoid the accident after the blowout occurred. Since the sole proximate cause of the accident was the negligence of the bus company in placing the tire on the front wheel of the bus in violation of the regulations, no negligence can be charged to Lott, the driver.
For the reasons stated the judgment of the trial court is affirmed except as to Natchez Transit Company and the judgment in its favor is reversed and is remanded for another trial.
Affirmed in part, reversed in part and remanded.
GILLESPIE, P. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.